BLANCHARD, J.[1]
¶1 Brenda Marshall, pro se, appeals a judgment of conviction, resulting from a trial to the court. The conviction is for "following another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." See WIS. STAT. § 346.14(1m).[2] Marshall does not offer a developed argument. I could reject her appeal on that ground. But in Marshall's favor I assume that she intends to make the following two, closely related arguments: (1) the circuit court erred in failing to take into account the speed of a vehicle that Marshall rear-ended just before the collision, which is one fact to be considered under § 346.14(1m) ; (2) the circuit court clearly erred in finding that the County proved that Marshall failed to maintain a reasonable and prudent distance under the relevant circumstances.[3] I reject these two possible arguments and affirm.
¶2 This court interprets and applies statutes de novo, meaning independently from the circuit court. DOR v. River City Refuse Removal, Inc. , 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396. Circuit court findings made during a bench trial are sustained on appeal unless they are clearly erroneous. See WIS. STAT. § 805.17(2). The appellate court searches the record for evidence that could support the circuit court's factual findings. See Johnson v. Merta , 95 Wis. 2d 141, 154, 289 N.W.2d 813 (1980).
¶3 After hearing testimony from three witnesses, including Marshall, the court made findings that included the following in support of its guilty finding. Marshall rear-ended a stopped vehicle operated by Erika Sommerfeld. This collision resulted from Marshall failing to "control" her "emotions," which flared based on her perceptions of Sommerfeld's driving behavior. After deciding that Sommerfeld was "driving irresponsibly," an "appropriate thing" for Marshall to have done would have been to call 911. Instead of doing that (or, presumably, simply ignoring Sommerfeld's alleged poor driving and proceeding at a safe following distance), Marshall followed Sommerfeld too closely. The result was that Marshall ran into Sommerfeld when Sommerfeld stopped.
¶4 I address Marshall's possible arguments in the order in which she presents them. The first is difficult to track. The best possibility for Marshall that I can discern is the following. The court misapplied WIS. STAT. § 346.14(1m) in failing to take into account the purportedly exculpatory fact that Sommerfeld stopped abruptly just before the collision.[4] Both Sommerfeld and Marshall testified that Sommerfeld stopped abruptly just before the collision. The apparent tie-in to statutory language would be that the fact-finder is to take into account whether the defendant who is alleged to have followed too closely gave "due regard for the speed of" the vehicle that he or she was following. See § 346.14(1m).
¶5 My basis for rejecting this argument is evident from the circuit court findings summarized above. The court determined that the collision occurred because Marshall followed Sommerfeld too closely, not because Sommerfeld was driving fast or at erratic speeds just before her abrupt stop.
¶6 Marshall's second possible argument is similar. It seems to boil down to the proposition that the court clearly erred in finding that Marshall followed too closely because, in fact, it was Sommerfeld's abrupt stopping and erratic driving that caused the accident. In other words, Marshall argues that the circuit court should have credited evidence that Sommerfeld drove at such high or erratic speeds before the collision that this was the cause of the collision, not Marshall following too closely. Marshall switches back and forth between arguing that the evidence would support a finding that Sommerfeld drove negligently before the collision and arguing that the evidence would support a finding that Sommerfeld intentionally caused the collision. But it does not matter which theory Marshall means to pursue. Either way, Marshall fails to point to a reason to conclude that the court's determination that she failed to follow Sommerfeld in a reasonable and prudent way, given the relevant circumstances, rested on an explicit or implicit finding of fact that is against the great weight and clear preponderance of the evidence. See Royster-Clark, Inc. v. Olsen's Mill, Inc. , 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530 (circuit court's finding of fact is not clearly erroneous unless against the great weight and clear preponderance of the evidence). Marshall cannot prevail merely by pointing to evidence, or reasonable inferences from the evidence, that could support findings different from those that the circuit court made.
¶7 For example, Marshall suggests that the circuit court was obligated to find that Sommerfeld intentionally stopped once, and then stopped again, in a manner calculated by Sommerfeld to cause a collision. However, Marshall fails to point to record evidence demonstrating that the only reasonable finding the court could make was that Sommerfeld stopped in what Marshall now characterizes as "a deliberate act of aggression." Some record evidence supports the opposite view of the facts. This includes Sommerfeld's testimony that she stopped abruptly only because she had to, given how closely Sommerfeld was following a car that stopped in front of her.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Wisconsin Stat. § 346.14(1) was renumbered to Wis. Stat. § 346.14(1m) by 2017 Wis. Act 294, with no apparent change of substance made to the pertinent subsection.

If Marshall intends to make any other argument, I reject it as inadequately briefed and lacking discernable merit. Marshall was not represented in the circuit court and is not represented on appeal. She is entitled to some allowances based on her pro se status. I make the maximum allowances that I can make.

As part of her first argument, Marshall cites court decisions from outside Wisconsin that address aspects of civil liability that can arise from allegations that a driver followed a vehicle too closely, see, e.g. , Zanetti Bus Lines, Inc. v. Logan , 400 P.2d 482, 484-85 (Wyo. 1965), but she fails to explain how this is pertinent to the proposed application of Wis. Stat. § 346.14(1m) to her conduct here. Marshall's references along these lines are confusing in multiple respects. It is sufficient to note that she fails to explain how any proposition from this civil liability context could support an argument that the circuit court here erred in any way.